# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, |
| Plaintiffs, |
| v. |
| PORTER COUNTY GLASS & MIRROR, INC., *et al.*, |
| Defendants. |

Civil Action No. 09-1945 (CKK)

## MEMORANDUM OPINION
(May 14, 2010)

This action is brought by Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), Gary J. Meyers, in his official capacity as a fiduciary ("Meyers"), and the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (collectively, "Plaintiffs") against Defendants Porter County Glass & Mirror, Inc. ("Company") and James Boyd ("Boyd") (collectively, "Defendants") for legal and equitable relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs seek to recover unpaid contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. § 1132(g)(2)(A)-(D) and a collective bargaining agreement entered under 29 U.S.C. § 185 by the Company and personally guaranteed by Boyd. Although properly and timely served with the Complaint and Summons, Defendants failed to respond to the Complaint, and the Clerk of the Court, upon request by Plaintiffs, entered default against Defendant on December 14, 2009. *See*

Default, Docket No. [6].  Presently before the Court is Plaintiffs' [7] Motion for Judgment by

Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b)(2) Against Defendants.

Having thoroughly considered the Complaint, Plaintiffs' submissions and attachments thereto,

applicable case law, statutory authority, and the record of the case as a whole, the Court shall

GRANT Plaintiffs' [7] Motion for Default Judgment, for the reasons stated below.

## I. BACKGROUND

The Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5), and its Trustees

are fiduciaries and plan administrators for the International Painters and Allied Trades Industry

Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity

Plan ("Annuity Plan"), both of which are multiemployer employee benefit pension plans.

Compl. ¶¶ 4-6.  The Pension Fund and Meyers are also authorized collection agents LMCI (an

"Ancillary Fund"), as well as for FTI, another multiemployer employee benefit pension plan.  *Id.*

¶¶ 8-12.  The Pension Fund, the Pension Plan, the Annuity Plan, FTI, and as allowed by law,

LMCI, are known as the "ERISA Funds," and, together with LMCI, the "Funds."  *Id.* ¶ 13.  The

Pension Fund and Meyers are suing on behalf of the Funds.

As set forth in the Complaint, Plaintiffs assert that the Company was a party to or agreed

to abide by the terms of a collective bargaining agreement ("Labor Agreement") with one or

more local labor unions or district councils affiliated with the International Union of Painters and

Allied Trades, AFL-CIO, CLC (collectively, the "Union").  Compl. ¶ 16.  Plaintiffs also allege

that the Company has agreed to abide by an Agreement and Declaration of Trust of the Fund

("Trust Agreement") as well as plan documents for the ERISA Funds.  *Id.* ¶ 17.  Under the Labor

Agreement, the Trust Agreement, and the plan documents for the ERISA Funds, the Company

agreed to make certain contributions to the Funds based on the Company's employees' work, file

monthly remittance reports with the Funds detailing all employees' work for which contributions

were required, produce records necessary to permit the Funds to conduct an audit, and pay certain

costs associated with litigation if the Company failed to comply with its obligations. *Id.* ¶ 18.

Plaintiffs allege that the Company has failed to make the required monthly payments for the

period from January 2009 through August 2009 and that the Company has otherwise failed to

make contributions required under the agreements. *Id.* ¶¶ 21-38. On September 1, 2009, Boyd

executed a Personal Guarantee and Promissory Note in which he agreed to pay the Company's

obligations to the Fund. *See id.*, Ex. 4 (Promissory Note). Plaintiffs allege that Boyd has failed

to make payments to the Funds as required under the Promissory Note and Personal Guarantee.

*See id.* ¶¶ 39-41.

Pursuant to the terms of those agreements, Plaintiffs assert that they are entitled to: a

monetary award for violation of 29 U.S.C. § 1145 in the amount of the unpaid contributions to

the ERISA Funds, liquidated damages, interest on the unpaid contributions, as well as costs,

audit expenses and attorneys' fees (Count I); an audit of the Company's records to determine the

amounts owed (Count II); after an audit, a monetary award for violation of 29 U.S.C. § 1145 in

the amount of the contributions found due and owing by the audit, together with late charges,

interest, liquidated damages, costs, and fees (Count III); a monetary award for breach of the

Labor Agreement (and its incorporated agreements) in the amount of unpaid funds owed,

including liquidated damages, interest and costs, and reasonable attorneys' fees (Count IV); a

monetary award for breach of the Labor Agreement (and its incorporated agreements) for unpaid

funds found due and owing by the audit (Count V); and a monetary award for breach of the

Promissory Note and Personal Guarantee, including unpaid amounts found after an audit, together with liquidated damages and interest, and reasonable attorneys' fees. Compl. ¶¶ 21-41. Plaintiffs, in their instant motion, have moved for default judgment seeking: (1) a judgment for $26,538.69, a sum known to be due and owing consisting of unpaid contributions, interest, liquidated damages, and attorneys' fees and costs; (2) an order declaring that the judgment shall continue to bear interest until the date of actual payment; (3) an order enjoining the Company to accurately complete and submit all outstanding remittance reports. *See* Pl.'s Proposed Order.

Defendants were served with the Complaint and Summons on November 19, 2009, and were therefore required to respond by December 9, 2009. *See* Notices of Filing Return of Service, Docket Nos. [2]-[3]. Defendants failed to file an answer or otherwise respond to Plaintiffs' Complaint, and Plaintiffs subsequently moved for entry of default. *See* Pls.' Request to Clerk to Enter Default, Docket No. [5]. On December 14, 2009, the Clerk of the Court entered default against Defendants. *See* Default, Docket No. [6]. Plaintiffs subsequently filed the instant [6] Motion for Judgment by Default. As of the date of this Memorandum Opinion, Defendants have not entered an appearance nor filed any pleadings in this case.

## II.  LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters &*

*Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their claims. Plaintiffs are thus entitled to default judgment as to Defendants' liability for their failure to timely pay contributions to the Funds and to supply records necessary to permit the Funds to determine if Defendants are making the payments as required under the terms of Labor Agreement, the Trust Agreement, the plan documents for the ERISA Funds, and other related agreements, and the Promissory Note and Personal Guarantee.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Here, the amount of damages owed by Defendants to the Funds were set forth in the Promissory Note and Personal Guarantee, as well as in the declarations appended to Plaintiff's motion for default judgment. Plaintiffs also seek a monetary judgment of liquidated damages, interest, and an award of attorneys' fees. The Court shall review these amounts below.

*A.    Judgment for Damages*

Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of–

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621.  *Id.*  In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a).  *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining

agreement constitutes a violation of ERISA § 515 and a violation of [29 U.S.C. § 185].”); *see also Bugher v. Feightner*, 722 F.2d 1356, 1357-60 (7th Cir. 1983) (explaining that ERISA remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of $26,538.69. Specifically, Plaintiffs argue that at the time this action was filed, Defendants owed at least $18,649.02 in unpaid contributions for the period from January 2009 to August 2009. *See* Pls.’ Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶¶ 9-10.[1] Plaintiffs have also calculated that Defendants owe interest on the unpaid amounts through December 31, 2009, in the amount of $561.98, based on the unpaid contributions and the fluctuating IRS interest rate as provided in § 10 of the industry pension plan, which adopts the ERISA standard. *See id.* ¶¶ 11-13. ERISA also provides that liquidated damages be awarded in the amount of 20% of unpaid contributions, which equals $3765.97. *See id.* ¶ 13.

Plaintiffs also ask for attorneys’ fees and costs in the amount of $3561.72. *See* Pls.’ Mot. for J. by Default, Ex. 6 (Decl. of Judith Sznyter) ¶ 2. Plaintiffs have attached supporting documentation showing that they have incurred $2,817.00 in attorneys’ fees and $744.72 in costs in litigating this action. *See* Pls.’ Mot. for J. by Default, Ex. 7 (December 2009 Attorneys’ Fees, Time and Expense Details). This is based on 11.2 hours of attorney and paralegal time at rates of $220 per hour and $70 per hour, respectively, plus expenses for the filing fee, photocopies, and various other items. *See id.* Plaintiffs have provided documentation showing that these rates are

---

[1] Mr. Montemore states in his declaration that the amount owed is at least $18,829.82. However, because Plaintiffs have requested only $18,649.02 in their motion and proposed order, the Court shall rely on this slightly lower figure for unpaid contributions.

reasonable for the services rendered.  Accordingly, the Court shall award the attorneys' fees and costs requested.  Thus, the total money judgment for Plaintiffs shall be $26,538.69.

### III.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiffs' [7] Motion for Judgment by Default.  The Court shall award damages in the amount of $26,538.69 and order Defendants to provide all outstanding remittance reports.

Date: May 14, 2010

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge